# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0061V

| | |
|---|---|
| MARCELLA DOTTER,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: December 10, 2025 |

*Christopher J. Webb*, Black McLaren Jones Ryland & Griffee, Memphis, TN, for Petitioner.

*Jay Travis Williamson*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

  On January 17, 2024, Marcella Dotter filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccine received on October 31, 2022. Petition, ECF No. 1. On July 16, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 25.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $41,508.66 (representing $38,480.90 in fees plus $3,027.76 in costs). Application for Attorneys' Fees and Costs ("Motion") filed September 15, 2025. ECF No. 30. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 30-3 at 1.

Respondent reacted to the motion on September 19, 2025, representing that he is satisfied the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2. ECF No. 31. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1.

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

I have reviewed the billing records submitted with Petitioner's fees request. The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations, and are hereby awarded herein. I also find no grounds for reducing hours billed to the matter in this action, which was successful.

## ATTORNEY COSTS

Petitioner has requested a total of $3,027.76 in litigation costs, and has provided supporting documentation to substantiate most of the costs. ECF No. 30-2 at 14-41. Such costs are associated with obtaining medical records, the Court's filing fee, postage costs, and travel expenses. I have reviewed the requested costs and find the majority of them to be reasonable - with the exception of certain travel expenses incurred by Attorney Chris Webb.

Like attorney's fees, a request for reimbursement of costs must be *reasonable*. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). The billing records reveal that attorney Webb traveled from Memphis, Tennessee, to Tampa, Florida, on March 4, 2024, for an in-person meeting with Petitioner. Mr. Webb purchased in-flight Wi-Fi for this trip on February 19, 2024, and requests reimbursement of $24.98. ECF No. 30-2 at 28. But he has not demonstrated in the billing records that he spent his flight time working on this case, and therefore will not be reimbursed for this expense. **Application of the foregoing reduces the total amount of costs to be awarded by $24.98**.

Mr. Webb stayed for two nights in Florida at the JW Marriott Tampa Water Street, a luxury hotel. ECF No. 30-2 at 32. Petitioner requests reimbursement of $1,192.10 for the two night stay, including meals charged to the room. It appears the nightly room charge at the JW Marriott was $379.00, not including sales and city taxes. This amount exceeds the federal government's daily lodging rates for a hotel stay in Tampa, Florida, which was most recently $192.00 per night in March 2024.[3]

---

[3] See GSA FY 2024 Per Diem Rates for Tampa, Florida at https://www.gsa.gov/travel/plan-book/per-diem-rates.

In addition, the federal government's total Meals and Incidental Expenses (M&IE) amount for one day in March 2024 was $69.00[4] which included breakfast, lunch, dinner, and incidental expenses. The receipts submitted hereto, however, reflect that Mr. Webb spent $131.58 for meals on March 4, 2024, and $99.52 for meals on March 5, 2024, charged to the room at the JW Marriott and have no corresponding itemized receipts, other than the charges appearing on the hotel invoice. These amounts far exceed what would be reasonable for work on this matter.

While travel costs related to the Vaccine Claim are generally compensable, excessive costs claimed for upgraded methods of transportation, meal expenses in excess of what would be reasonable, or luxury hotels are not. Accordingly, I find the total amount claimed for the luxury hotel stay and meals to be excessive and hereby apply a reduction of *fifty* percent as a fair adjustment to account for this issue. **Application of the foregoing reduces the total amount of costs to be awarded by $596.05.**[5]

Finally, Petitioner requests $20.00 for valet parking. Petitioner's counsel has not substantiated this request with the required documentation, such as an invoice or proof of payment. Only a one-line email by counsel was submitted stating there was no receipt available for this charge. ECF No. 30-2 at 33. But before reimbursement of costs will be made, sufficient supporting documentation, such as invoices, receipts, and billing statements, must be provided. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 72-74 (emphasis added).[6] When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. See, e.g., *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Accordingly, I disallow reimbursement for this unsubstantiated cost. **Application of the foregoing reduces the total amount of costs to be awarded by $20.00.**

---

[4] See GSA FY 2024 Per Diem Rates for Tampa, Florida at https://www.gsa.gov/travel/plan-book/per-diem-rates.

[5] This amount is calculated as follows: $1192.10 x .50 = $596.05.

[6] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded $40,867.63 (representing $38,480.90 in attorney's fees, plus $2,386.73 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.